UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KING,<br><br>    Petitioner,<br><br>v.<br><br>RON RACKLEY,<br><br>    Respondent. | No. 2:16-cv-1580 KJM KJN P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding pro se and in forma pauperis. Respondent filed a motion to dismiss the habeas petition as successive. Petitioner was ordered to show cause why his failure to timely oppose the motion should not be deemed a waiver of any opposition to the motion. Petitioner filed an opposition, and asks the court to stay its decision until the Court of Appeals for the Ninth Circuit rules on his request to pursue a second or successive petition. As explained below, the undersigned discharges the order to show cause and recommends that petitioner's request for a stay be denied, and that respondent's motion to dismiss be granted.

II. Background

    On January 17, 2001, petitioner was convicted in the Sacramento County Superior Court of first degree robbery and first degree burglary, and a number of sentencing enhancements were

////

found true. (Respondent's Lodged Document ("LD") 1-2.) On March 2, 2001, petitioner was sentenced to state prison for an indeterminate term of thirty-seven years to life. (LD 1.)

On November 26, 2002, the state appellate court modified the judgment to correct a credit issue, and affirmed the judgment as modified. (LD 2.) Petitioner filed a petition for review in the California Supreme Court, and review was denied on January 29, 2003. (LD 3-4.)

Petitioner filed various collateral attacks in the California courts. (ECF No. 11 at 2, n.1.)

In 2003, petitioner filed a federal petition for writ of habeas corpus challenging the 2001 conviction. King v. Runnels, No. 2:03-2505 FCD CMK (E.D. Cal.). On September 18, 2007, the petition was denied on the merits. (Id., LD 5-6.) Petitioner filed an appeal in the Court of Appeals for the Ninth Circuit, and the judgment was affirmed on December 15, 2008. (LD 7.) Petitioner filed a petition for writ of certiorari in the United States Supreme Court, and certiorari was denied on May 18, 2009. (LD 8.)

On July 11, 2016, petitioner filed the instant federal petition challenging the 2001 conviction.

III. Motion to Dismiss

A. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant petition because the petition was filed after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). Among other changes to federal habeas law, "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file

second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). A petition is considered "successive" if it challenges "the same custody imposed by the same judgment of a state court" as a prior habeas petition. Burton v. Stewart, 549 U.S. 147, 153 (2007).

AEDPA restricts the type of claims that are eligible to be heard in a successive petition. As the Supreme Court explained,

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law.

Tyler, 533 U.S. at 661-62 (2001) (citations omitted); see also 28 U.S.C. § 2244(b)(1-2).

Federal Circuit Courts are responsible for determining whether a successive petition falls within one of these two authorized exceptions and may proceed:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A); see also Burton, 549 U.S. at 152-53 (quoting same); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998) ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application."). Accordingly, "[e]ven if a petitioner can demonstrate that he qualifies for one these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

"When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotation marks and citation omitted); see also Magwood v. Patterson, 561 U.S. 320, 331 (2010) ("[I]f [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss [ ] it . . .

3

because [petitioner] failed to obtain the requisite authorization from the Court of Appeals."). Accordingly, "[a] petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016) (citation omitted); see also Burton, 549 U.S. at 157 ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Because prior Circuit Court authorization is jurisdictional, it is not sufficient that a petitioner obtain leave from the court of appeals before the district court rules on the petition. Instead, leave must be obtained before a successive habeas petition is filed. See Magwood, 561 U.S. at 330-31 ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court.") (emphasis added). Accordingly, "district courts have routinely denied stay requests from petitioners who belatedly seek leave from an appellate court to file a successive petition because the district court lacks jurisdiction even to entertain the stay request." Miller v. Fisher, 2016 WL 3982333, at *4 (C.D. Cal. July 1, 2016). See also Williamson v. Horel, 2008 WL 3850806, at *4 (E.D. Cal. Aug. 15, 2008) (quoting same); Cousin v. Ramos, 2007 WL 3231968, at *3 (D. Ariz. Oct. 31, 2007) ("Although Petitioner requests that the Court stay this matter while he now seeks the proper authorization from the Ninth Circuit, Petitioner was statutorily required to take this step before filing his petition in this Court and he is not entitled to a stay because the Court lacks jurisdiction over this action.").

There is no indication in the record that petitioner has obtained permission from the Ninth Circuit to file a second or successive petition. Rather, petitioner's opposition asks this court to stay any decision until the Ninth Circuit rules on his request. Such request is an admission that petitioner did not obtain leave from the Ninth Circuit before filing the instant petition. In addition, review of the docket in King v. Rackley, No. 17-70638 (9th Cir.), reveals that petitioner filed his application for leave to file a second or successive petition on March 2, 2017, long after the instant action was filed on July 11, 2016.

4

Because the instant petition is a "second or successive" petition, and petitioner did not obtain authorization from the Ninth Circuit before such filing, this court lacks jurisdiction to consider the merits. Therefore, it is recommended that respondent's motion to dismiss be granted, petitioner's motion for stay be denied, and this action be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that the March 8, 2017 order to show cause (ECF No. 16) is discharged.

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted;

2. Petitioner's motion to stay (ECF No. 17) be denied; and

3. Petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 18, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

king1580.mtd.hc.succ